IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN C. BRATHWAITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 07-006-GMS |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| SCOTT S. ALTMAN, DR. CATHY | ) | |
| KIONKE, and GAIL ELLER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff, Kevin C. Brathwaite ("Brathwaite" ), an inmate at the Delaware

Correctional Center ("DCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se*

and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.)

The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and §

1915A.

I.      **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A

provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing

*Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints

are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404

U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## II.    ANALYSIS

Brathwaite alleges that the defendants are deliberately indifferent to his serious dental

needs. More particularly, he alleges that he has been waiting for over two years to receive dental

treatment needed after an assault by corrections officers. Brathwaite alleges that he filed a

grievance to obtain the dental treatment, and that it was denied by the defendant Gail Eller

("Eller"). Brathwaite alleges he was told by Eller that she did not believe his complaints.

The filing of a prison grievance is a constitutionally protected activity. *Robinson v.

Taylor,* No. 05-4492, 2006 WL 3203900, at *1 (3d Cir. Nov.7, 2006). Although prisoners have a

constitutional right to seek redress of grievances as part of their right of access to courts, this

right is not compromised by the failure of prison officials to address these grievances. *Booth v.

King*, 346 F.Supp.2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a

constitutionally protected right to a grievance procedure. *Burnside v. Moser*, No. 04-4713, 138

Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted)(failure of prison officials to process

administrative grievance did not amount to a constitutional violation). Nor does the existence of

a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover

v. Watson*, 886 F.Supp. 410, 418-419 (D. Del.), *aff'd* 74 F.3d 1226 (3d Cir. 1995). Similarly, the

2

failure to investigate a grievance does not raise a constitutional issue. *Hurley v. Blevins*, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D.Tex. Mar. 28, 2005). Brathwaite cannot maintain a constitutional claim against Eller based upon his perception that she did not believe him and therefore, denied his grievance. Therefore, the court will dismiss the allegations against Eller for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## III.   CONCLUSION

Based upon the foregoing analysis, the claims against defendant Gail Eller are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Brathwaite is allowed to proceed against the remaining defendants on his claim for deliberate indifference to serious dental needs. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_May 4_____, 2007
Wilmington, Delaware

FILED

MAY - 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN C. BRATHWAITE,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )  Civ. Action No. 07-006-GMS
                                    )
CORRECTIONAL MEDICAL SERVICES, )
SCOTT S. ALTMAN, DR. CATHY          )
KIONKE, and GAIL ELLER,             )
                                    )
            Defendants.             )

**ORDER**

At Wilmington this 4th day of _____May_____, 2007, for the reasons set forth in the Memorandum issued this date,

1.    The claims against defendant Gail Eller are DISMISSED without prejudice for failure to state a claim upon which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.    The court has identified cognizable Eighth Amendment claims within the meaning of 28 U.S.C. § 1915A(b) against defendants Correctional Medical Services, Scott S. Altman, and Dr. Cathy Kionke. Brathwaite is allowed to PROCEED against these defendants.

IT IS FURTHER ORDERED that:

1.    The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2.    Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendants Correctional Medical Services, Scott S. Altman, and Dr. Cathy Kionke** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON,

DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C).  **Additionally, the plaintiff has provided the court with copies of the complaint for service upon each of the remaining defendants.  The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

      3.      Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2),  this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

      4.      Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

      5.      Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities

2

and any supporting affidavits.

   6.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

   7.  **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

   8.  **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*



UNITED STATES DISTRICT JUDGE

FILED

MAY – 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3