UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRAITHWAITE,        ) | |
| ) | Case No. 007-006 |
| Plaintiff,        ) | JURY TRIAL DEMANDED |
| v.        ) | |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| SCOTT S. ALTMAN, and        ) | |
| CATHY KIONKE        ) | |
| ) | |
| Defendants.        ) | |

---------------------------------------------------

ANSWER TO COMPLAINT

Defendants Correctional Medical Services, Scott S. Altman, and Cathy Kionke (collectively, "Defendants"), by and through their undersigned counsel, for their Answer to Plaintiff's Complaint, state as follows:

FIRST CAUSE OF ACTION

1.     Admitted, upon information and belief.

2.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required.  All remaining allegations in this paragraph are admitted.

3.      To the extent the allegations of this paragraph constitute conclusions of law, no response is required.  All allegations of violation of law, or of Plaintiff's State or Federal Constitutional rights, are denied.

4.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required.  For purposes of the above-captioned action, the defendants named herein may be served and/or contacted only through the office of the undersigned counsel

## DENIAL OF CLAIM

To the extent the factual allegations in Plaintiff's Complaint are consistent with his medical records, they are admitted. They are denied to the extent they are not. There are numerous statements made about which the Defendants do not have knowledge sufficient to form a belief as to their truth or falsity. All allegations of medical negligence are denied. All allegations of causation are denied. All allegations of violation of law, or of Plaintiff's state or federal constitutional rights are denied.

## **ADDITIONAL DEFENSES**

10. Plaintiff fails to state a claim upon which relief can be granted.

11. Defendants were not deliberately indifferent to any serious medical need.

12. Plaintiff fails to state a claim for medical negligence.

13. To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to comply with 18 *Del. C.* § 6853.

14. Plaintiff's claims are barred by the statute of limitations.

15. Plaintiff's civil rights claims are barred by the inapplicability of vicarious liability.

16. Plaintiff fails adequately to plead a claim for punitive damages.

17. Defendants provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

18. Plaintiff has failed to exhaust his administrative remedies.

19. Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

20. Plaintiff's injuries, damages or claims are the result of a pre-existing condition not caused by any action or omission of these defendants.

21.     Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom Defendants are not responsible and over whom Defendants had no authority or control.

22.     Defendants reserve the right to assert additional defenses in the future to the extent warranted by discovery.

WHEREFORE, Defendants respectfully request entry of judgment in their favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

BALICK & BALICK, LLC


        /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant CMS

Date:   July 31, 2007

## CERTIFICATE OF SERVICE

I, James Drnec, hereby certify that on the 31st day of July 2007, the foregoing Answer to the Complaint was filed via CM/ECF and served First Class Mail upon the following:

        Kevin C. Braithwaite
        #315294
        1181 Paddock Rd.
        Smyrna DE 19972

          /s/ James E. Drnec
        James E. Drnec, Esquire (#3789)