UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRAITHWAITE,              )<br>                                                       )<br>              Plaintiff,                       )<br>         v.                                      )<br>                                                       )<br>CORRECTIONAL MEDICAL SERVICES, )<br>SCOTT S. ALTMAN, and              )<br>CATHY KIONKE                          )<br>                                                       )<br>              Defendants.                  )<br>-------------------------------------------------- | Case No. 007-006<br>JURY TRIAL DEMANDED |

**DEFENDANT CORRECTIONAL MEDICAL SERVICE'S FIRST SET OF
REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Correctional Medical Services ("CMS") requests Plaintiff Kevin C. Braithwaite, within thirty days of receipt hereof either produce for inspection and copying the items or documents listed below, or, in the alternative, to send copies of same by mail to James E. Drnec, Esquire, Balick & Balick, LLC, 711 King Street, Wilmington, Delaware 19806.

Please note that this Request includes all items of the type requested in the possession or within the control of the party upon which it is served, its agents and representatives.

DEFINITIONS AND INSTRUCTIONS

1.      If any of these discovery requests cannot be answered completely, answer the discovery request to the extent possible, and specify the reasons for your inability to completely answer.

2.      This discovery request is a continuing one. If, after responding, you become aware of any further information responsive to these interrogatories, you are required to supplement your answers.

3.      "Complaint" shall mean and refer to the Complaint filed by the plaintiff in the above-captioned action.

4.      "You" or "your" means the party to whom these Requests were propounded and includes anyone authorized to or purporting to act on its behalf, including but not limited to officers, directors, employees, predecessors, successors, parent corporations, subsidiary corporations, attorneys, agents, or other representatives.

5.      "CMS" means and refers to Correctional Medical Services.

6.      "Discovery Requests" means, collectively, Defendant CMS's First Set of Interrogatories Directed to Plaintiff, and Defendant CMS's First Request for Production of Documents Directed to Plaintiff.

7.      "Identify" when used with reference to a natural person means to state his or her full name, present or last known address, present or last position or business position, and position or business affiliation at the time in question.

8.      The term "all" includes the word "any" and the word "any" includes "all." The terms "all" and "each" shall be construed as each and all.

9.      The terms "communication" or "communications" shall mean and refer to, without limitation, any document, statement, or expression which constitutes, embodies, evidences or

relates to any transmission of a word, statement, fact, thing, idea, writing, instruction, demand or question, whether oral or written, including but not limited to letters, telecopies, telexes, e-mails, voicemails, meetings, discussions, conversations, telephone calls, memoranda, conferences or seminars.

10.     The term "document" as used herein is employed in the broadest possible sense under Rule 34 to include any medium upon which information is recorded or preserved, by whomever generated or received, and means, without limitation, any written, printed, typed, photostated, emailed, photographed, recorded, taped or otherwise reproduced communications, compilations or reproductions including computer generated or stored information or data, whether assertedly privileged or not and including all copies or drafts of any document which differs (by annotation or otherwise) in any respect from the original.

11.     The term "including" shall be construed to mean "including without any limitation."

12.     The terms "person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any firm, corporation, partnership, association, sole proprietorship, group, trust, estate, or any other organization or entity of any type.

13.     The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request for documents or information inclusive rather than exclusive, i.e., to bring within the scope of the request all responses that otherwise might be construed to be outside the scope of the request.

14.     The terms "relate" or "relating to" as used herein shall mean concerning, involving, consisting of, alluding to, referring to, appertaining to, regarding, reflecting, evidencing, having any logical or factual connection with or tending to prove or disprove the matter discussed.

15. The terms "you" and "your" shall mean the party to which these interrogatories are directed.

16. The terms "describe" or "description" when used in connection with any act, accounting, action, activity, audit, practice, process, occurrence, occasion, plan, communication, conference, discussion, development, service, transaction, test, negotiation, instance, incident or event, mean to furnish a detailed account of the matters referred to, including but not limited to the following information:

    a. Its general nature;

    b. The time and place thereof;

    c. A chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof;

    d. The identity of each person who performed any function or who had any role in connection therewith (i.e., speaker, participant, contributor of information, witness, etc.) or who has any knowledge thereof, together with a description of each such person's function, role or knowledge;

    e. The identity of each document which refers thereto or which was used, referred to or prepared in the course of or as a result thereof; and

    f. The identity of each communication, whether oral or written, which was a part thereof or which referred thereto.

17. The terms "describe" or "description" when used in connection with any calculation, computation, amount or figure means to provide:

    a. A detailed explanation of its meaning;

    b. A detailed explanation of the manner in which it was derived, including an itemization of all subcategories included therein;

    c. The identity of each person who performed any function or had any role in connection therewith or who has any knowledge thereof, together with a description of each such person's function, role or knowledge;

    d. The identity of each document which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and

    e. The identity of each oral communication which occurred in the course of the preparation thereof or which referred thereto.

18. When asked to provide or state a "factual basis," the term "factual basis" means to provide in detail all facts related to the matter, including but not limited to the following:

    a. Each item of information upon which the allegation, contention, claim or demand to which it pertains is based, including a full description thereof;

    b. With respect to each such item of information, the identity of each person having knowledge and each source thereof, including, but not limited to, each document, communication, act, action, activity, accounting, negotiation, practice, process, occurrence, occasion, course of conduct, happening, relationship, scheme, conference, discussion, development, service, instance, incident, event, audit, calculation and computation, upon which respondent relies with respect thereto.

19. The terms "identify," "identification" or "identity" as applied to a person means to provide:

    a. When used in reference to a natural person: full name; present or last known business and residence addresses and telephone numbers; present or last known business affiliation; and present or last known business positions (including job title and a description of job functions, duties and responsibilities);

    b. When used in reference to any entity other than a natural person: its full name; the address and telephone number of its principal place of business; the jurisdiction under the laws of which it has been organized or incorporated; the identity of all persons who acted and/or who authorized another to act on its behalf in connection with the matters referred to; in the case of a corporation, the names of its directors and principal officers; and

    c. In the case of an entity other than a corporation, the identities of its partners or principals or all persons who acted or who authorized another to act on its behalf in connection with the matters referred to.

20. The terms "identify," "identification" or "identity" as applied to an oral communication means to provide the following information:

    a. By whom it was made and to whom it was directed;

    b. Its specific subject;

    c. The date upon which it was made;

    d. All persons who were present when it was made; and

      e. Whether it was recorded, described or summarized in any writing of any type and, if so, the identity of each such writing in the manner indicated below.

21. The terms "identify," "identification" or "identity" as applied to a written communication or document means to provide the following information:

      a. Its nature (e.g., letter, memorandum, telegram, note, drawing, etc.);

      b. Its specific subject;

      c. By whom it was made and to whom it was directed;

      d. The date upon which it was made; and

      d. Who has possession of the original and all copies.

## INSTRUCTIONS

1. As used herein, the past tense shall include the present tense and the present tense shall include the past tense. The singular shall include the plural and the plural shall include the singular.

2. If any Discovery Request is answered by reference to a group of documents, with respect to each such answer, identify the specific document or documents containing the requested information and, if such information is contained in any document exceeding one page in length, include in the identification of said document the number of the particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to in said interrogatories appears in your answer thereto.

3. If you object to any of the Discovery Requests herein, whether in whole or in part, on the grounds that the information sought therein is privileged or confidential, state the following:

      a. Identify the privileged document or communication;

    b. Identify the persons who received or have received the privileged document and/or the persons present during the privileged communication;

    c. Identify the person who made the privileged document or communication;

    d. Identify the general subject matter of the privileged document or communication; and

    e. State the basis for your claim of privilege with respect to each such document or communication.

4. If, for reasons other than a claim of privilege, you refuse to admit or deny any request for admission herein, please state the grounds upon which the refusal is based with sufficient specificity to permit a judicial determination of the propriety of such refusal.

5. Rules 33, 34, and 36 of the Federal Rules of Civil Procedure are hereby incorporated herein by reference.

6. Each Definition or Instruction above shall be fully applicable to each Discovery Request herein.

7. These Discovery Requests are considered to be continuing in character, and whenever additional information responsive to them, but not supplied in answer to them is obtained or becomes known to defendant, it shall be supplied in writing under oath as though expressly requested by separate requests.

8. With respect to each Discovery Request, keep a record of and report in the response to each Discovery Request the identity of each person who supplied information used in the preparation of the answer to the Discovery Request.

9.  Unless otherwise stated or clearly implied from a particular Discovery Request, the relevant time frame for these Discovery Requests is from January 1, 2003 through (and including) the time when the answers to these Discovery Requests or any supplement thereto is served.

## REQUESTS

Please produce the following:

1.  All documents referred to in your Answers to Defendant CMS's First Set of Interrogatories Directed to Plaintiff.

2.  Copies of all documents which are relevant, in whole or in part, to plaintiff's claim for damages (including but not limited to medical reports, income and tax records).

3.  Copies of all documents which are relevant, in whole or in part, to plaintiff's claim for violation of constitutional rights.

4.  If you claim any loss of support, loss of income, loss of future income, or impairment of earning capacity in this lawsuit, please produce Federal and State income tax returns for years 1998 through the present. If your current incarceration began prior to 2000, please produce such documents for the ten year period prior to the beginning of your current incarceration.

5.  Copies of all bills and receipts evidencing payment of bills for which the plaintiff seeks compensation in this lawsuit.

6.  Copies of the curriculum vitae of all experts you intend to call at trial.

7.  Copies of any and all writings upon which you and/or your attorney intends to rely in any way at trial.

8.  All documents relevant to this matter provided to or relied upon by any witness whom you intend to present at trial.

9. Copies of all statements or summaries of interviews taken of any person with respect to any issue in the case, including but not limited to you and your agents and representatives, and any other party or its agents, employees, contractors and representatives.

10. All documents tending to support or refute your claims against the above-named defendants.

11. Copies of any reports by any person qualifying as an expert, containing opinions and/or facts upon which opinions are based concerning any aspect of the above captioned litigation, as well as all other documents provided to or received from such expert.

12. Copies of any and all writings in your possession or available to you and/or your attorney in addition to the items specified in previous sections of this Request for Production, which are or may be relevant in any way to any issue raised by the pleadings herein, including but not limited to, the issues of liability and/or damages.

13. Copies of all documents constituting, memorializing, summarizing or discussing correspondence or communication between you and any Party in this litigation.

14. All journals, diaries, logs or ledgers kept by you which refer or relate to any issue in the above-captioned litigation.

15. All documents which support of refute your claim to have exhausted your administrative remedies.

BALICK & BALICK, LLC

/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendants

Date:   July 31, 2007

**CERTIFICATE OF SERVICE**

    I, James Drnec, hereby certify that on the 31st day of July 2007, the foregoing Defendant Correctional Medical Services' First Set of Requests for Production Directed to Plaintiff were filed via CM/ECF and served First Class Mail upon the following:

        Kevin C. Braithwaite
        #315294
        1181 Paddock Rd.
        Smyrna DE 19972

        /s/ James E. Drnec
        James E. Drnec, Esquire (#3789)