UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN C. BRAITHWAITE, | ) | |
| | ) | Case No. 007-006 GMS |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| SCOTT S. ALTMAN, and | ) | |
| CATHY KIONKE | ) | |
| | ) | |
| Defendants. | ) | |

--------------------------------------------------------

**DEFENDANT CORRECTIONAL MEDICAL SERVICES'S
ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
DIRECTED TO CORRECTIONAL MEDICAL SERVICES**

GENERAL OBJECTIONS

A.      Defendant Correctional Medical Services, Inc. ("Answering Defendant") objects to the Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.      Answering Defendant objects to the Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C.      Answering Defendant objects to the Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.      Answering Defendant objects to the Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.      Answering Defendant objects to the Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services insofar as they seek information or documents already in the possession, custody or control of Plaintiff, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.      Answering Defendant objects to the Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services insofar as the terms used therein are vague and ambiguous.

G.      Answering Defendant objects to the Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.      Answering Defendant objects to the Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such interrogatories are premature prior to the receipt of testimony and evidence from Plaintiff as to the basis, if any, of his claims.

I.      Answering Defendant's failure to object to the Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

J.      These General Objections are incorporated into each of Answering Defendant's specific Answers to Plaintiff's First Set of Interrogatories Directed to Correctional Medical

Services, and shall be deemed continuing as to each Interrogatory and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

   K.  Answering Defendant reserves the right to supplement or amend its responses and objections to the Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services. The fact that Answering Defendant has responded to the Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Interrogatories.

   L.  To the extent an Answer to an Interrogatory is responsive to any or all other Interrogatories, those Answers are deemed to be incorporated by reference to such other Interrogatories.

   M.  These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

**ANSWERS TO INTERROGATORIES**

1.  A complete set of x-rays of each of the Plaintiff's teeth.

ANSWER:   Objection. This "interrogatory" is improperly pleaded as a request for production of documents. In addition, it is overly broad and unduly burdensome in that Plaintiff claims he has been denied treatment for only a specific, defined number of teeth, yet he is requesting "a

3

complete set of x-rays of *each* of the Plaintiff's teeth, as opposed to limiting his request to only

those teeth at issue.  If Plaintiff is willing to pay the cost of production, CMS will produce the x-

rays as requested.  Without waiving and expressly reserving all objections, Answering Defendant

states that it will provide responsive, relevant responses subject to the entry of an order of

confidentiality.


2.      All documented treatment that the Plaintiff received from the dentist from October 9th,

2004 thru (sic) August 14th, 2007.

ANSWER:  Objection.  This Interrogatory is vague, overly broad and unduly burdensome.  In

addition, this "interrogatory" is improperly pleaded as a statement to which no response is

required.   Without waiving and expressly reserving all objections, Answering Defendant

assumes that Plaintiff is requesting his dental chart and states that it will provide responses

subject to the entry of an order of confidentiality.


3.      A written copy of Correctional Medical Services' obligations for dental treatment.

ANSWER:  Objection.  This "interrogatory" is improperly pleaded as a statement which cannot

be "answered".  This Interrogatory is vague, overly broad and unduly burdensome.  Without

waiving and expressly reserving all objections, Answering Defendant states that it is obliged to

provide dental treatment consistent with the standard of care, and that it did so in Plaintiff's case.


4.      A written copy of the services that Correctional Medical Services provides for dental

treatment.

ANSWER:  Objection.  This "interrogatory" is improperly pleaded as a statement which cannot be "answered".  This Interrogatory is vague, overly broad and unduly burdensome.  Without waiving and expressly reserving all objections, Answering Defendant states that provides dental treatment based on each individual patient's needs and as dictated by the standard of care.

5.      The date that a written request was forwarded to the warden or the department of corrections by the dental department, to allow the Plaintiff to receive a root canal.  And who was the request forwarded by.

ANSWER:  Objection.  This Interrogatory is vague, overly broad and unduly burdensome. Without waiving and expressly reserving all objections, Answering Defendant states that it will provide responses subject to the entry of an order of confidentiality.

6.      A copy of the Plaintiff's entire dental file.

ANSWER:  Objection.  Repetitive and cumulative.  In addition, this Interrogatory is vague, overly broad and unduly burdensome. Without waiving and expressly reserving all objections, Answering Defendant states that it will provide responses subject to the entry of an order of confidentiality.

7.      All reports, letters and documents that the defendants intend to use as a defense.

ANSWER: Objection.  This Interrogatory is vague, overly broad and unduly burdensome.  It also seeks information which may be protected from discovery by the attorney-client and/of work product privileges.  Moreover, it is premature prior to the conclusion of discovery and the disclosure of Plaintiff's evidence.  Without waiving and expressly reserving all objections,

Answering Defendant states that it will provide responses subject to the entry of an order of confidentiality. Answering Defendant reserves the right to rely at trial upon any document or evidence otherwise admissible.


BALICK & BALICK, LLC


/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendants


Date:   September 17, 2007

## <u>CERTIFICATE OF SERVICE</u>

I, James Drnec, hereby certify that on the 17th day of September 2007, the foregoing Defendant Correctional Medical Services's Answers to Plaintiff's First Set of Interrogatories Directed to Correctional Medical Services were filed via CM/ECF and served First Class Mail upon the following:

Kevin C. Braithwaite
#315294
1181 Paddock Rd.
Smyrna DE 19972

_/s/ James E. Drnec_
James E. Drnec, Esquire (#3789)