UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN C. BRAITHWAITE, | ) | |
| | ) | Case No. 007-006 |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| SCOTT S. ALTMAN, and | ) | |
| CATHY KIONKE | ) | |
| | ) | |
| Defendants. | ) | |

-------------------------------------------------------

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

Defendants Correctional Medical Services, Inc. ("CMS"), Scott Altman and Cathy Kionke (collectively "Defendants") by and through their undersigned counsel of record, hereby respond to Plaintiff's Motion for Injunctive Relief (D.I. 28) and state as follows:

1.      "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.' " *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir.1989) (quoting *Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir.1988)). In ruling on a preliminary injunction, the Court must consider: 1) the likelihood of success on the merits; 2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; 3) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and 4) the public interest. *See Clean Ocean Action v. York,* 57 F.3d 328, 331 (3d Cir.1995). An injunction should only issue if all four factors favor injunctive relief. *See S & R Corp. v. Jiffy Lube Intern., Inc.,* 968 F.2d 371, 374 (3d Cir.1992).  Plaintiff does not carry this burden and so the Motion should be denied.

2.     Plaintiff's Motion seeks the following relief: "any and all dental treatment to properly repair this Plaintiff's dental needs" and money damages. (D.I. 28 at 4).    As shown below, Plaintiff has been offered such treatment, but has declined it.  Plaintiff is not entitled to such relief and so the Motion should be denied.

*Plaintiff's Motion for Elective Treatment Should be Denied*

3.     Plaintiff cannot support his burden here.  Plaintiff alleges that some teeth were injured in a scuffle with prison guards on October 9, 2004[1]. (D.I. 2, Complaint at 3)  Plaintiff admits that he was told by prison dentist Dr. Kionke that there were two acceptable forms of treatment, extraction or root canal. (*Id*. at 4)  He told her he preferred root canal, but was also told that such a procedure would have to be approved by the department of corrections. (*Id.*)  Dr. Kionke submitted the request and it was approved.  Affidavit of Dr. Kionke, Exhibit "A").  On further review of the Plaintiff's records, however, Dr. Kionke discovered that the condition which required either extraction or root canal pre-existed Plaintiff's incarceration and was not caused by prison personnel.  (*Id.*)  When Dr. Kionke provided that information to the Department of Corrections, the approval for root canal was rescinded.  (*Id.*)  Plaintiff has subsequently again been offered extraction, but has declined. (*Id.*)

4.     As stated above, to succeed on this Motion, Plaintiff must persuade the Court on four elements: 1) the likelihood of success on the merits; 2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; 3) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and 4) the public interest. *See Clean Ocean Action v. York,* 57 F.3d 328, 331 (3d Cir.1995). An injunction should only issue if *all*

---

[1]  Although the Plaintiff makes allegations regarding his "teeth" he never identifies specifically which tooth or teeth are at issue.  However, his dental records reflect discussion of extraction or root canal for tooth number 9.  Exhibit "B"

*four* factors favor injunctive relief. *See S & R Corp. v. Jiffy Lube Intern., Inc.,* 968 F.2d 371, 374 (3d Cir.1992) (emphasis supplied).

5.    Plaintiff cannot show that he is likely to succeed on the merits. In order to do so, he must allege a serious medical need and acts or omissions by prison officials that indicate deliberate indifference to such need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Defendants do not concede that the condition complained of is a "serious medical need", and they have not been indifferent in any manner. Plaintiff has been offered treatment (extraction) but has declined. Plaintiff is entitled to adequate medical care, not to direct the type of care he receives:

> However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Poole v. Taylor,* 466 F.Supp.2d 578, 589 (D.Del.2006) (citing *Harrison v. Barkley,* 219 F.3d 132, 138-140 (2d Cir.2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle,* 429 U.S. at 107, 97 S.Ct. 285. Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. *White v. Napoleon,* 897 F.2d 103, 108-109 (3d Cir.1990); *Spruill v. Gillis,* 372 F.3d at 235. *Mere disagreement as to the appropriate treatment is insufficient to state a constitutional violation. Spruill,* 372 F.3d at 235.

*See Blackston v. Correctional Medical Services, Inc.,* --- F.Supp.2d ----, 2007 WL 2325210 * 3 (D.Del., August 16, 2007) (emphasis supplied) (granting summary judgment in favor of medical provider and against plaintiff/prisoner); accord *Pecoraro v. Correctional Medical Services,* 2007 WL 1560302 at *4 (D.N.J., May 25, 2007)[2] (stating prisoner's subjective dissatisfaction with his dental care, and not a deliberate withholding or delay of treatment as alleged in the Complaint, is not in itself indicative of deliberative indifference) (citing *Andrews v. Camden County,* 95 F.Supp.2d 217, 228 (D.N.J.2000)).

---

[2]  Unreported decisions are included as Exhibit "C".

In addition, Plaintiff's prayer for relief speaks volumes on the issue of whether his condition constitutes a "serious medical need". That prayer requests "all necessary cosmetic procedures to correct the damage to teeth that could have been prevented". Cosmetic procedures do not constitute serious medical needs.

5.    Because the Plaintiff cannot demonstrate a likelihood of success on the merits, this Motion should be denied. *See S & R Corp. v. Jiffy Lube Intern., Inc.,* 968 F.2d 371, 374 (3d Cir.1992) (stating an injunction should only issue if all four factors favor injunctive relief). Nor is there any threat of irreparable harm here. Plaintiff has been offered a form of treatment which is appropriate, adequate and within the standard of care. (*See* Exhibit A)

6.    The third element of the test tips in favor of Defendants as well, to the extent that granting Plaintiff the requested treatment will set a precedent to provide elective, cosmetic surgical procedures to inmates at incredible expense to the State of Delaware and its taxpayers. The fourth element, service of the public interest, implicates the cost and inequity to the taxpayer of providing funding for such elective, cosmetic surgical procedures to inmates when such services may not be affordable to taxpayers at large, who then would have to live with their condition just at the Plaintiff does. Without doubt, there are free, law-abiding taxpayers who are faced with the choice of treating dental problems by extraction or root canal, but cannot afford the more expensive option and must make do with the other acceptable treatment, extraction. Plaintiff should not be permitted to manipulate the legal system to obtain medical benefits that are not available to law-abiding citizens. This Motion should be denied.

WHEREFORE, for the foregoing reasons, Defendants hereby respectfully request Plaintiff's Motion be denied.

BALICK & BALICK, LLC

_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant
Correctional Medical Services, Inc., Scott Altman, Cathy
Kionke, DDS

Date:   January 9, 2008

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

KEVIN C. BRAITHWAITE,                    )
                                         )
              Plaintiff,                 )     Case No.
        v.                               )     JURY TRIAL DEMANDED
                                         )
CORRECTIONAL MEDICAL SERVICES, )
SCOTT S. ALTMAN, CATHY KIONKE  )
And GAIL ELLER,                          )
                                         )
              Defendants.                )
------------------------------------------------)

AFFIDAVIT OF CATHY KIONKE DDS

STATE OF DELAWARE          )
                           )
COUNTY OF NEW CASTLE       )

        I, Cathy Kionke, DDS, being duly sworn hereby aver as follows:

1.      I am over the age of 18 and competent to make this affidavit.  I have been one
        of Plaintiff's treating dentists during his incarceration and have personal
        knowledge of his condition and treatment.

2.      Plaintiff requested a root canal, which request was forwarded to the
        Department of Corrections and approved.  The approval was conditioned on
        the fact that Plaintiff asserted the need for the root canal was caused by
        actions of prison personnel.

3.      I reviewed the Plaintiff's medical and dental records and discovered that the
        condition requiring a root canal pre-existed the incident that Plaintiff claimed
        and was therefore not caused by actions of prison personnel.  I provided this
        information to the Department of Corrections, and the approval was rescinded
        based on my professional opinion.

4.      Plaintiff was offered the alternative of extraction, which is a reasonable
        alternative to root canal and within the standard of care.  He declined.

FURTHER THE AFFIANT SAYETH NOT.

_____          _____
                                       Cathy Kionke, DDS

Witness -- Notary
My commission expires: 07-25-07

# Exhibit B

**Correctional Medical Services**
**Inter Disciplinary Progress Notes**

Patient
Name: BRAITHWAITE, KEVIN    ID#: 315294    Institution: DCC

| Date | Time | Notes | Signature |
|------|------|-------|-----------|
| 11/3/07 | 8/6 | Pt was told he would be referred to get Root canal Tx on Tooth #9 (see XE + diseased) otherwise the only solution at DCC is to extract #9 which patient doesn't want done. He sustained trauma at DCC on Oct 9, 2004 at SHU 17 B tier. Need to submit to Warden if Root canal Tx can be done | |

# DELAWARE DEPARTMENT OF CORRECTIONS
# REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
## FACILITY: DELAWARE CORRECTIONAL CENTER

This request is for (circle one): MEDICAL (DENTAL) MENTAL HEALTH

Kevin Brathwaite
Name (Print)

S.H.U. #17
Housing Location

9-27-62
Date of Birth

315294
SBI Number

MAY, 22nd, 2006
Date Submitted

Complaint (What type of problem are you having)? This is the Seventh (7th) Complaint that I AM Submitting in regards to getting dental treatment, Since october, 9th, 2004

_(Inmate Signature)_

MAY, 22nd, 2006
Date

**The below area is for medical use only. Please do not write any further.**

S: 6/8/06: Pt. says he was supposed to be seen abt tooth #9 a long time ago (all the dental section is missing). #9: B swelling, heuotic. Needs endo

O: Temp:_____ Pulse:_____ Resp:_____ B/P:_____ WT:_____

or ext. Pt. will wait. Requests fillings. Put on op list       Kionke

A: 9/25/06: Grievance discussion #46948 46949 Wants to go to next level.       Kionka

P:

E:

_____          _____
Provider Signature & Title              Date & Time

# Exhibit C

United States District Court,
D. New Jersey.
Joseph PECORARO, Plaintiff,
v.
CORRECTIONAL MEDICAL SERVICES, et al., Defendants.
Civil Action No. 07-2338 (RMB).
May 25, 2007.

Joseph Pecoraro, Leesburg, NJ, Plaintiff pro se.

# OPINION

BUMB, District Judge.

*1 Plaintiff Joseph Pecoraro ("Pecoraro"), currently confined at the Bayside State Prison in Leesburg, New Jersey, seeks to bring this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I. *BACKGROUND*

Pecoraro brings this civil rights action against defendants, Correctional Medical Services ("CMS") and CMS Department Head at Bayside State Prison ("BSP"), B. Eckman. (Complaint, Caption and ¶¶ 5b, c). The following factual allegations by plaintiff are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

In March 2007, Pecoraro went to a dentist at BSP for treatment of pain in his four teeth. He was told that his teeth needed to be extracted. The dentist attempted to extract Pecoraro's teeth, but plaintiff was in too much pain. Pecoraro was told that he would need to see an oral surgeon, and the earliest appointment would be no sooner than June 2007. In the interim, Pecoraro was prescribed "Tylenol 3" and Motrin for pain. Pecoraro claims that the medication does not relieve his pain, and that he has received inadequate care. (Compl., ¶ 9).

Pecoraro seeks compensatory and punitive damages for pain and suffering and infliction of emotional distress. (Compl., "Relief Requested").

## II. *STANDARDS FOR A SUA SPONTE DISMISSAL*

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in *forma pauperis* or seeks redress against

a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir.1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

*2 A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States,* 67 F.3d 1080, 1086-87 (3d Cir.1995).

A *pro se* complaint may be dismissed for failure to state a claim only if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines,* 404 U.S. at 521 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Milhouse v. Carlson,* 652 F .2d 371, 373 (3d Cir.1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v.. Hernandez,* 504 U.S. 25, 34 (1992); *Alston v. Parker,* 363 F.3d 229 (3d Cir.2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); *Grayson v. Mayview State Hospital,* 293 F.3d 103, 108 (3d Cir.2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); *Shane v. Fauver,* 213 F.3d 113, 116-17 (3d Cir.2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); *Urrutia v. Harrisburg County Police Dept .,* 91 F.3d 451, 453 (3d Cir.1996).

### III. *SECTION 1983 ACTIONS*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255-56 (3d Cir.1994).

Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior.* Personal involvement can be shown through allegations of personal direction or

of actual knowledge and acquiescence." _Rode v. Dellarciprete,_ 845 F.2d 1195, 1207 (3d Cir.1988) (citations omitted). _Accord Robinson v. City of Pittsburgh,_ 120 F.3d 1286, 1293-96 (3d Cir.1997); _Baker v. Monroe Twp.,_ 50 F.3d 1186, 1190-91 (3d Cir.1995).

IV. _ANALYSIS_

*3 In his Complaint, Pecoraro alleges that defendants CMS and Eckman have denied prescribed **dental** care for the treatment and extraction of plaintiff's teeth.

The **Eighth Amendment** proscription against cruel and unusual punishment requires that prison officials provide inmates with **adequate medical** care. _Estelle v. Gamble,_ 429 U.S. 97, 103-04 (1976); _Rouse v. Plantier,_ 182 F.3d 192 (3d Cir.1999). In order to set forth a cognizable claim for a violation of his right to **adequate medical** care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes **deliberate indifference** to that need. _Estelle,_ 429 U.S. at 106; _Natale v. Camden County Correctional Facility,_ 318 F.3d 575, 582 (3d Cir.2003).

To satisfy the first prong of the _Estelle_ inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, **deliberate indifference** to medical needs amounts to an **Eighth Amendment** violation only if those needs are 'serious.' " _Hudson v. McMillian,_ 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." _Atkinson v. Taylor,_ 316 F.3d 257, 272-73 (3d Cir.2003)(internal quotations and citations omitted); _see also Monmouth County Correctional Institutional Inmates v. Lanzaro,_ 834 F.2d 326, 347 (3d Cir.1987), _cert. denied,_ 486 U.S. 1006 (1988).

The second element of the _Estelle_ test requires an inmate to show that prison officials acted with **deliberate indifference** to his serious medical need. _See Natale,_ 318 F.3d at 582 (finding **deliberate indifference** requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "**Deliberate indifference**" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. _Farmer v. Brennan,_ 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate **deliberate indifference.** _Andrews v. Camden County,_ 95 F.Supp.2d 217, 228 (D.N.J.2000); _Peterson v. Davis,_ 551 F.Supp. 137, 145 (D.Md.1982), _aff'd,_ 729 F.2d 1453 (4th Cir.1984). Similarly, "mere disagreements over medical judgment do not state **Eighth Amendment** claims." _White v. Napoleon,_ 897 F.2d 103, 110 (3d Cir.1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." _Inmates of Allegheny County Jail v. Pierce,_ 612 F.2d 754, 762 (3d Cir.1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an **Eighth Amendment** violation. _Estelle,_ 429 U.S. at 105-06; _White,_ 897 F.3d at 110.

*4 The Third Circuit has found **deliberate indifference** where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. _See Rouse,_ 182 F.3d at 197. The court has also held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the **Eighth Amendment.** _Atkinson,_

316 F.3d at 266. *See also* *Monmouth County Correctional Institutional Inmates,* 834 F.2d at 346 ("**deliberate indifference** is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); *Durmer v. O'Carroll,* 991 F.2d 64 (3d Cir.1993); *White v. Napoleon,* 897 F.2d 103 (3d Cir.1990).

Here, Pecoraro alleges that he has been denied recommended oral surgery and more effective pain medication for his teeth. Pecoraro admits that he was seen by a dentist in March 2007, and that the dentist attempted to extract plaintiff's teeth, but could not due to plaintiff's pain. Pecoraro further admits that he was given pain medication and was told that he needed to have an oral surgeon perform the extraction. However, an oral surgeon would not be available until June 2007, several months away.

Based on these allegations, the Court finds that Pecoraro might be able to support a claim of serious medical need, if, in fact, he can show that oral surgery for his condition was prescribed by doctors. However, Pecoraro has not demonstrated the second prong necessary to establish a denial of medical care claim-he has not shown **deliberate indifference** by the defendants, CMS and Eckman.

Pecoraro admits that he has received **dental** care in March 2007, and that he has been given pain medication. He also concedes that oral surgery was offered, but not as quickly as he wants it. Thus, based on these facts, as confirmed by plaintiff's allegations in to his Complaint, Pecoraro cannot show that defendants have intentionally refused to provide the recommended **dental** care. Nor can he demonstrate that defendants delayed **dental** care for non-medical reasons. Rather, it is the unavailability of the oral surgeon until June 2007, a matter of several months, that displeases plaintiff. Finally, Pecoraro has not shown that defendants have actually prevented him from receiving recommended **dental** treatment. *See Rouse,* 182 F.3d at 197. Pecoraro admittedly has been prescribed pain medication, but the type of medication is not to his satisfaction. The dentist also attempted to extract the painful teeth, but plaintiff's discomfort terminated that effort, allegedly making oral surgery necessary and plaintiff is now awaiting that surgery. Therefore, it is only Pecoraro's subjective dissatisfaction with his **dental** care, and not a deliberate withholding or delay of treatment alleged in the Complaint, which is not in itself indicative of **deliberate indifference**. *See Andrews,* 95 F.Supp.2d at 228.

*\*5* Accordingly, this Court finds no **deliberate indifference** by defendants to plaintiff's serious medical need on the facts alleged by plaintiff at this time that would rise to the level of an actionable violation of constitutional dimension under 42 U.S.C. § 1983. Accordingly, the Complaint will be dismissed without prejudice to plaintiff filing a new action pleading facts sufficient to support a claim of **deliberate indifference** as set forth above.

## V. CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint, in its entirety, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate Order follows.

United States District Court,
D. Delaware.
Richard I. BLACKSTON, Plaintiff,
v.
CORRECTIONAL MEDICAL SERVICES, INC., Defendant.
Civ No. 06-448-SLR.
Aug. 16, 2007.

Background: Inmate brought action against correctional medical services company, alleging Eighth Amendment violations due to inadequate dental care. Company moved for summary judgment.

Holding: The District Court, Robinson, J., held that company did not exhibit deliberate indifference to inmate's serious medical needs.

Motion granted.

[1] KeyCite Notes 

&#9754;350H Sentencing and Punishment
&#9754;350HVII Cruel and Unusual Punishment in General
&#9754;350HVII(H) Conditions of Confinement
&#9754;350Hk1546 k. Medical Care and Treatment. Most Cited Cases

In order to set forth cognizable Eighth Amendment claim, inmate must allege: (1) serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. U.S.C.A. Const.Amend. 8.

[2] KeyCite Notes 

&#9754;350H Sentencing and Punishment
&#9754;350HVII Cruel and Unusual Punishment in General
&#9754;350HVII(H) Conditions of Confinement
&#9754;350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Prison official is "deliberately indifferent" to serious medical need if he knows that prisoner faces substantial risk of serious harm and fails to take reasonable steps to avoid harm. U.S.C.A. Const.Amend. 8.

[3] KeyCite Notes 

&#9754;350H Sentencing and Punishment
&#9754;350HVII Cruel and Unusual Punishment in General
&#9754;350HVII(H) Conditions of Confinement

350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Prison official may manifest deliberate indifference to serious medical need by intentionally denying or delaying prisoner's access to medical care. U.S.C.A. Const.Amend. 8.

[4] KeyCite Notes 

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in General
      350HVII(H) Conditions of Confinement
         350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Prisoner has no Eighth Amendment right to choose specific form of medical treatment, so long as treatment provided is reasonable. U.S.C.A. Const.Amend. 8.

[5] KeyCite Notes 

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in General
      350HVII(H) Conditions of Confinement
         350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate's Eighth Amendment claims against members of prison medical department are not viable under § 1983 where inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on inmate's behalf. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

[6] KeyCite Notes 

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in General
      350HVII(H) Conditions of Confinement
         350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate's allegations of medical malpractice are not sufficient to establish Eighth Amendment violation. U.S.C.A. Const.Amend. 8.

[7] KeyCite Notes 

350H Sentencing and Punishment

350HVII Cruel and Unusual Punishment in General
   350HVII(H) Conditions of Confinement
      350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate's mere disagreement as to appropriate medical treatment is insufficient to state Eighth Amendment violation. U.S.C.A. Const.Amend. 8.

[8] KeyCite Notes 

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in General
      350HVII(H) Conditions of Confinement
         350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate who sued correctional medical services company, alleging inadequate dental care following tooth extractions, failed to establish that company exhibited deliberate indifference to his serious medical needs, as required to maintain Eighth Amendment claim; inmate's medical records established that he had received dental examinations and treatments to resolve routine problems as well as emergency concerns. U.S.C.A. Const.Amend. 8.

Richard I. Blackston, Pro se Plaintiff.

Eric Scott Thompson, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, DE, for Defendant.

MEMORANDUM OPINION

ROBINSON, District Judge.
I. INTRODUCTION

*1 Plaintiff Richard I. Blackston filed this 42 U.S.C. § 1983 action alleging that defendant Correctional Medical Services, Inc. ("CMS") provided inadequate dental care in violation of the Eighth Amendment. (D.I.2) Defendant CMS has moved for summary judgment.FN1 (D.I.11) Although afforded ample opportunity and notice, plaintiff has not filed responsive papers. (D.I.14, 15) For the reasons that follow, defendant's motion will be granted.

II. BACKGROUND

In April 2006, while incarcerated at the Howard Young Correctional Institution, plaintiff had two molar teeth extracted. (D.I. 2; D.I. 12, ex. 4) During the extraction process, plaintiff informed the treating dentist that he was experiencing severe pain in his front, left tooth ("front tooth"), apparently because of a cavity. According to plaintiff, the

dentist advised that there was "an unwritten policy prohibit[ing] any fillings from being placed in inmates' teeth without the inmate having at least 6 months served inside of the facility." (D.I. 2 at ¶ 2) Plaintiff's request to examine the policy was denied.

In May 2006, plaintiff filed an inmate grievance and request for proper care of his front tooth with the "Commissioner of Corrections." FN2 ( Id. at ¶ 3; D.I. 12, exs. 2, 4) Because his front tooth pain was severe, plaintiff requested emergency dental treatment. (D.I.12, ex. 4) Plaintiff informs that the grievance was returned to the Inmate Grievance Committee without a hearing; however, a dental appointment was scheduled. ( Id.)

In June 2006, plaintiff filed a second grievance with Warden Raphael Williams. Plaintiff was advised that the Inmate Grievance Committee found his complaint was non-grievable. ( Id. at ¶ 7) Plaintiff submitted a third grievance to the Department of Correction Bureau Chief. Although he did not receive a response to the grievance, plaintiff was scheduled for another dental appointment.

During a July 12, 2006 dental appointment, plaintiff's bottom left molar was removed. An informed consent for the extraction of his tooth form bearing plaintiff's signature was dated July 12, 2006. (D.I.12, ex. 4) After complaining that his front tooth problems were not addressed, plaintiff was told this would be treated at a later time. (D.I. 2 ¶ 11) On July 13, 2006, plaintiff informed the deputy warden of his dental problems. ( Id. at ¶ 12)

Medical records reflect that during the next few months, plaintiff received additional dental treatment. (D.I.12, exs.2, 4) Four of his teeth were extracted, with his consent, in November 2006. As a result, plaintiff did not have any remaining top teeth. Fabrication of dentures was scheduled to commence in January 2007. (D.I.12, ex. 4)

III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Kaucher v. County of Bucks, 455 F.3d 418 (3d Cir.2006).

*2 "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.' " Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa.

Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendant asserts that summary judgment is warranted because plaintiff failed to exhaust his administrative remedies before filing this action as mandated by the Prison Litigation Reform Act ("PLRA").FN3 (D.I.11) Although plaintiff claims to have filed three grievances, defendant submits that he failed to file an appeal on any decision rendered. (D.I.11) Defendant also notes that plaintiff signed off on two grievances. (D.I.12, ex. 2)

Under the PLRA, exhaustion is mandatory and prisoners must exhaust administrative remedies for any claim that arises within the prison, regardless of any limitations on the kind of relief available through the grievance process, before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The purpose of the exhaustion requirement is "(1)to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir.2004).

The United States Supreme Court has concluded that exhaustion means proper exhaustion, e.g., "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, ---U.S. ----, ----, 126 S.Ct. 2378, 2384, 165 L.Ed.2d 368 (2006). The Third Circuit has stated that, the "determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir.2004).

*3 Failure to substantially comply with requirements of the grievance system may result in a procedural default of that claim. Id. at 227-32. "Defendants must plead and prove failure to exhaust as an affirmative defense." It must be pleaded and proven by defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir.2002); Brown v. Croak 312 F.3d 109, 111 (3d Cir.2002).

The record reflects that plaintiff filed grievances regarding his dental care; however, what transpired after the grievances were filed is not clear. While there are references to two grievances to which plaintiff "signed off", neither party has provided copies of the grievances nor information reflecting the outcome of any hearings or actions taken. For this reason, the court will deem the administrative remedies exhausted and will review the merits of plaintiff's claim.

B. Eighth Amendment Claim

[1] [2] [3] The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In order to set forth a cognizable claim, an inmate must allege (I) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Id. at 104, 97 S.Ct. 285; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-105, 97 S.Ct. 285.

[4] [5] [6] [7] However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Poole v. Taylor, 466 F.Supp.2d 578, 589 (D.Del.2006) (citing Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir.2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle, 429 U.S. at 107, 97 S.Ct. 285. Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir.1990); Spruill v. Gillis, 372 F.3d at 235. Mere disagreement as to the appropriate treatment is insufficient to state a constitutional violation. Spruill, 372 F.3d at 235.

[8] Considering the uncontroverted record at bar against Estelle and its progeny, the court finds that plaintiff's claims do not rise to an Eighth Amendment violation. Significantly, plaintiff has presented nothing to contradict medical records establishing that he received numerous dental examinations and treatments to resolve routine problems, as well as emergency concerns. (D.I.12, ex. 4) He received treatment for accompanying problems, consented to the removal of several teeth, and is scheduled to have dentures fabricated.

*4 Furthermore, to the extent that plaintiff relies on the theory of respondent superior to hold defendant, a corporation, liable, he has failed to allege a policy or custom that

demonstrates such deliberate indifference. Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir.1989): Miller v. Correctional Med. Sys., Inc., 802 F.Supp. 1126, 1132 (D.Del.1992): Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir.2003).

V. CONCLUSION

For the reasons stated, defendant's motion for summary judgment is granted. An appropriate order shall issue.

ORDER

At Wilmington this 16th day of August, 2007, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

1. Defendant's motion for summary judgment is granted. (D.I.11)

2. Defendant's motion to deem dispositive motion unopposed and enter judgment is denied as moot. (D.I.16)

3. The Clerk of Court is directed to enter judgment for defendant and against plaintiff.
FN1. Because defendant referred to matters outside the pleadings, its motion to dismiss is being treated as a motion for summary judgment. See Fed.R.Civ.P. 12(b)(6); (D.I.15).
FN2. Defendant submitted medical records that briefly reference two of plaintiff's grievances: "Grievance discussion # 52565"; and "Signed off on grievances # 52565 and # 49685". (D.I.12, ex. 2) Neither party submitted: (1) copies of the grievances in issue; (2) grievance log records; or (3) additional documentation regarding the grievances. ( See D.I. 12, ex. 3 at 6-7, procedure for medical grievances). Without this documentation, the factual background herein is based on an integration of plaintiff's claims with defendant's exhibits.
FN3. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [§ 42 U.S.C. § 1983] by a prisoner until such administrative remedies as are available are exhausted."
D.Del.,2007.
Blackston v. Correctional Medical Services, Inc.
--- F.Supp.2d ----, 2007 WL 2325210 (D.Del.)

## <u>CERTIFICATE OF SERVICE</u>

I, James Drnec, hereby certify that on the 9th day of January 2008, the foregoing

Defendants' Opposition to Plaintiff's Motion for Injunctive Relief was filed via CM/ECF and

served First Class Mail upon the following:

> Kevin C. Braithwaite
> #315294
> 1181 Paddock Rd.
> Smyrna DE 19972


_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)
