IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-06-GMS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| SCOTT S. ALTMAN, and DR. CATHY | ) |
| KIONKE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. BACKGROUND**

The plaintiff, Kevin C. Brathwaite ("Brathwaite"), an inmate at the Delaware Correctional Center ("DCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) Brathwaite alleges that the defendants are deliberately indifferent to his serious dental needs. More particularly, he alleges that he has been waiting for over two years to receive dental treatment needed after an assault by corrections officers. Pending before the court is the defendants' motion to dismiss pursuant to 18 Del. C. § 6853 and Brathwaite's response thereto. (D.I. 23, 24.) Also before the court is Brathwaite's motion for injunctive relief and the defendants' response thereto. (D.I. 28, 33.)

**II. DISCUSSION**

**A. Motion to Dismiss**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, --U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 2008 WL 305025, at *6 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted). Because Brathwaite proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

The defendants move to dismiss with prejudice any medical negligence claim that Brathwaite may advance on the basis that he did not timely file an affidavit of merit as is required for state medical negligence claims pursuant to 18 Del. Code § 6853(a)(1). Brathwaite responds that § 6853 does not apply to his case because he does not allege medical negligence. Rather, he alleges violations of his constitutional rights. Nonetheless, Brathwaite objects to the motion.

In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. Del. Code Ann. tit. 18 § 6801(7). When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Found.*, 253 F.Supp.2d 801, 804 (D. Del.2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); Del. Code Ann. tit. 18 § 6853. The complaint makes no reference to a medical malpractice claim and, as Brathwaite concedes, he does not allege medical/dental malpractice. Therefore, the court will grant CMS' motions to dismiss pursuant to Del. Code Ann. tit. 18 § 6853.

### B. Motion for Injunctive Relief

Brathwaite moves for injunctive relief to have his dental needs properly treated. (D.I.

28.) Brathwaite argues that injunctive relief is appropriate because he has made numerous attempts over the past two and one-half years to obtain dental treatment, to no avail.

When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

Brathwaite submitted grievances he submitted to obtain dental treatment. (D.I. 28, exs.) His grievance, requesting a root canal, was upheld on March 13, 2007. Brathwaite filed the motion for injunctive relief in August 2007. The defendants argue that Brathwaite is not entitled to injunctive relief on the basis that there is no serious medical need, and in any event, they have not been deliberately indifferent. Dental records indicate that appropriate treatment is either extraction or a root canal. (D.I. 33, ex. B.) The defendants approved Brathwaite for a root canal, but rescinded the approval on the basis that Brathwaite's dental condition pre-existed his incarceration and that his condition was not caused by prison personnel. *Id.* at ex. A. Brathwaite was offered the alternative of extraction, but declined the treatment. *Id.*

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a

serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Blackston v. Correctional Medical Services, Inc.*, 499 F. Supp. 2d 601, 605 (D. Del. Aug. 16, 2007) (quoting *Poole v. Taylor*, 466 F. Supp. 2d 578, 589 (D. Del. 2006) (citing *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Id.* (citing *Estelle*, 429 U.S. at 107).

     The record indicates that Brathwaite has been offered medically acceptable dental treatment, albeit not the root canal he desires. It is unfortunate that the defendants rescinded the authorization for the root canal, and the court is troubled by the fact that there is no mention of the date the authorization was rescinded. This is particularly so in light of the fact that Brathwaite's grievance seeking a root canal were upheld. Nonetheless, the law does not require that Brathwaite receive the treatment of his choice. Given the exhibits submitted to the court, Brathwaite has not demonstrated the requisites necessary for issuance of a temporary restraining order, particularly the prongs requiring a demonstration of the likelihood of success on the merits

or a showing of irreparable harm. Therefore, the court will deny the motion for injunctive relief.

### III. CONCLUSION

Based upon the foregoing analysis, the court will grant the defendants' motion to dismiss pursuant to 18 Del. C. § 6853 (D.I. 23) and will deny Brathwaite's motion for injunctive relief (D.I. 28). An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

__Feb 11__, 2008
Wilmington, Delaware

FILED

FEB 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-06-GMS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| SCOTT S. ALTMAN, and DR. CATHY | ) |
| KIONKE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 11th day of \_\_\_\_Feb.\_\_\_\_, 2008, for the reasons set forth in the Memorandum issued this date

1. The defendants' motion to dismiss pursuant to 18 Del. C. § 6853 is **GRANTED**. (D.I. 23.)

2. The plaintiff's motion for injunctive relief is **DENIED**. (D.I. 28.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE



FILED

FEB 1 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE