UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRAITHWAITE, | ) |
| | ) |
| Plaintiff, | ) Case No. 07-06-GMS |
| | ) |
| v. | ) Jury Trial Demanded |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| SCOTT S. ALTMAN, and CATHY | ) |
| KIONKE | ) |

FILED
JUL 23 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RE-OPEN CASE**

COMES NOW Plaintiff, Pro Se, hereby responds to Defendants' Opposition to Plaintiff's Motion to Re-open Case and states as follow:

1. On January 5, 2007 Plaintiff Kevin Braithwaite ("Plaintiff"), an inmate at the Delaware Correctional Center, filed the Complaint Pro Se pursuant to 42 U.S.C §1983 against Defendants alleging that Defendants were negligent in treating and caring his dental problems and that Defendants deprived his constitutional rights.

2. On August 10, 2007, Defendants moved the Court to dismiss Plaintiff's medical negligence claim on the basis that Plaintiff did not timely file an affidavit of merit as is required pursuant to 18 Del. C §6853(a)(1). On February 11, 2008, finding that "the complaint makes no reference to a medical malpractice claim," the Court granted Defendants Motion to Dismiss.

1

3. The disposition of plaintiff's civil rights claims is unclear after the Court's order. Nonetheless, the case was closed on February 11, 2008.

4. On July 11, 2008, Plaintiff filed a Motion to Re-open the case. Defendant subsequently filed an opposition alleging that Plaintiff's Motion was not timely filed.

5. Federal Rule of Civil Procedure 60 (a) provides: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court **at any time** of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Further, Rule 60(b) provides: "…On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for… (1)mistake, inadvertence, surprise, or excusable neglect. … The motion shall be made **within a reasonable time**, and for reason (1), (2) and (3) **not more than one year** after the judgment, order or proceeding was entered or taken."

6. Plaintiff is entitled to file a motion to re-open because the case was closed by mistake.

7. 18 Del. C. §6853 requires an affidavit of merit be submitted when a lawsuit is filed against health care provider. 18 Del. C. §6801(5) specifically provides that: "Health care provider means a person, corporation, facility or institution

licensed by this State pursuant to Title 24, **excluding Chapter 11 thereof…**" Title 24, Chapter 11 governs dentistry and dental hygiene. Therefore, in Delaware, no affidavit of merit is required when a party files a lawsuit alleging dental malpractice.

8.   In the present case, Defendant Dr. Cathy Kionke is a dentist. Defendant Cathy Kionke and Scott S. Altman was employed by Defendant Correctional Medical Services or was acting as agents of Defendant Correctional Medical Services in rendering dental care to inmates in Delaware Correctional Center including Plaintiff. In the Complaint, Plaintiff mainly alleged that he did not receive proper dental care as a result of defendants' negligence. Because it is a dental malpractice claim, no affidavit of merit is required.

9.   In the Motion to Dismiss, Defendants requested the Court dismiss "those portions of Plaintiff's claims" which allege medical negligence. It is unclear which portions of Plaintiff's claims Defendants referred as medical malpractice claim. As stated above, in the Complaint, Plaintiff mainly alleged negligence in dental care. Even assuming any medical malpractice was alleged, after the Court granted the motion and dismissed those portions of Plaintiff's claims sounding in medical negligence, the case should not be close because the

alleged dental malpractice claims do not require an affidavit of merit and therefore should not be dismissed.

    10.  Notwithstanding the dental malpractice claims, the case should not be closed because Plaintiff's §1983 civil rights claims remained active after the Court's order.

WHEREFORE, Plaintiff respectfully requests the case to be re-opened.

Dated: 7-21-08

CERTIFICATE OF SERVICE

I KEVIN C. BRATHWAITE, states that I have caused a copy of the attached response to the defendants opposition to plaintiffs motion to reopen case to be mailed to the following party by way of the U.S. Postal Service.

JAMES E. DRNEC, ESQ.
711 N. KING ST.
Wilmington DE.
19801

/s/ KEVIN C. BRATHWAITE

I/M KEVIN C. BRATHWAITE
SBI# 315294 UNIT
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



PETER DALLEO, CLERK
U.S. DISTRICT COURT
844 N. KING ST.
WILMINGTON DE.
19801