IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-006-GMS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| SCOTT S. ALTMAN, and DR. CATHY | ) |
| KIONKE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**I. BACKGROUND**

The plaintiff, Kevin C. Brathwaite ("Brathwaite"), an inmate at the James T. Vaughn Correctional Center, formerly the Delaware Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) Brathwaite alleges that the defendants are deliberately indifferent to his serious dental needs. Now before the court is Brathwaite's motion to reopen the case, construed as a motion for reconsideration of the dismissal of the dental malpractice claim, and the defendants' opposition thereto. (D.I. 45, 46.)

On February 11, 2008, the court granted the defendants' motion to dismiss Brathwaite's dental malpractice claim pursuant to Del. Code Ann. tit. 18, § 6853. (D.I. 36.) The defendants did not move to dismiss Brathwaite' deliberate indifference to dental needs claim and it remained viable, but the case was inadvertently closed. The error was recently discovered and the case reopened. In the meantime, Brathwaite appealed the order, but subsequently filed a notice to withdraw the appeal. (D.I. 42, 44.)

The defendants had moved to dismiss the dental malpractice claim on the basis that Brathwaite did not file an affidavit of merit as required for state medical negligence claims pursuant to Del. Code Ann. tit. 18, § 6853(a)(1). Brathwaite responded that the section did not apply to his case as he did not allege medical negligence but, rather, alleged violations of his constitutional rights. Accordingly, the court dismissed Brathwaite's dental malpractice claim pursuant to Del. Code Ann. tit. 18, § 6853, as he conceded that he did not allege medical/dental malpractice. (D.I. 36.)

Brathwaite now argues that the malpractice claim should not have been dismissed because the clerk's office erred at the time he filed his complaint when it did not refuse his complaint even though it did not contain the required affidavit of merit. Brathwaite argues that "when the complaint was accepted and docketed," he was "led to believe that he had properly filed the complaint." (D.I. 45, ¶ 5.) The defendants oppose the pending motion, and argue that it was not timely filed. (D.I. 46.)

## II. STANDARD OF REVIEW

Brathwaite does not indicate if he moves for reconsideration pursuant to Fed. R. Civ. P. 59 or 60. Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Rule 60(b) motions and motions for reconsideration under Fed. R. Civ. P. 59(e) serve a similar function, but each has a distinct purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Rule 60(b) lists several grounds for reconsideration and, as set forth above, those grounds include "mistake, inadvertence, surprise, or excusable neglect." Rule 59(e), "is a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Id.* (internal quotation marks omitted). In reviewing the motion it is clear that Brathwaite attempts to relitigate the issues decided in the order, and therefore, the court will construe the motion as one under Rule 59(e).

The standard for obtaining relief under Rule 59(e) is difficult for Brathwaite to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision

outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

### III. DISCUSSION

The court dismissed Brathwaite's dental malpractice claim as he conceded he did not raise such a claim and because he failed to file the required affidavit of merit pursuant to § 6853. Brathwaite provides no valid reason for the court to reconsider its February 11, 2008 ruling. Most important is that Brathwaite conceded that he did not raise a malpractice claim. Moreover, while the statute in question requires an affidavit of merit at the time of filing, it also allows for a sixty day extension of time to file said affidavit. Brathwaite need only have timely filed a motion and shown good cause for the extension. *See* Del. Code Ann. tit. 18, § 6853(a)(2). The court finds Brathwaite's position untoward that the clerk's office is to blame for his failure to submit the required affidavit of merit. Even though he proceeds *pro se*, Brathwaite has the responsibility to follow the law in pursuing his claims. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Brathwaite has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied.

### IV. CONCLUSION

NOW THEREFORE, at Wilmington this 16th day of Sept, 2008, IT IS HEREBY ORDERED that the motion for reconsideration (D.I. 45) is **DENIED**. The case will proceed on Brathwaite's deliberate indifference to serious dental needs claim.

CHIEF, UNITED STATES DISTRICT JUDGE

FILED
SEP 16 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-4-