IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEVIN C. BRATHWAITE, )
)
    Plaintiff, )
)
v. ) C.A. No. 007-006 GMS
)
CORRECTIONAL MEDICAL SERVICES, )
SCOTT S. ALTMAN, and )
CATHY KIONKE, )
)
    Defendants. )
_____ )

**MEMORANDUM**

**I.    INTRODUCTION**

The plaintiff, Kevin C. Brathwaite ("Brathwaite"), filed this 42 U.S.C. § 1983 action alleging that the defendants, Correction Medical Services ("CMS"), Scott S. Altman ("Altman"), and Cathy Kionke ("Dr. Kionke"), provided inadequate medical care in violation of the Eighth Amendment. (D.I. 2.) The defendants have filed a motion for partial summary judgment. (D. I. 61.) For the reasons stated below, the court will grant the defendants' motion.

**II.    BACKGROUND**

The court will summarize the record medical evidence in a light most favorable to the plaintiff. On February 14, 2000, the plaintiff, an inmate at the Delaware Department of Corrections, had a dental appointment for a toothache. (D.I. 63 at 1.) Dr. Robinson, a Prison Health Services dentist, examined Brathwaite and identified his number nine and ten teeth as the sources of his pain. (Id. at 2.) Dr. Robinson removed fillings in the teeth and replaced them with temporary fillings. (Id.) Dr. Robinson also informed Brathwaite that his teeth would most likely continue to bother him,

and that at least one of them would probably need to be extracted. (Id.)

Brathwaite's number nine and ten teeth continued to bother him throughout the rest of 2000. Brathwaite filed Sick Call Requests for pain in his front teeth on May 4 and May 22, 2000. (Id. at 3.) Brathwaite missed an appointment scheduled for him on May 26, 2000. (Id.) Brathwaite attended his next appointment on July 20, 2000. (Id. at 1.) At the appointment, Dr. Robinson observed that his number nine tooth was abscessed and prescribed an antibiotic. (Id.) At his next appointment, on August 16, 2000, Brathwaite received fillings in his number nine and ten teeth. (Id.)

Brathwaite submitted Sick Call Requests complaining of pain in his front tooth, on December 16 and December 30, 2000. (Id. at 5.) Following his requests, Brathwaite met with Dr. Robinson, on January 17, 2001. (Id. at 6.) Dr. Robinson examined Brathwaite and, once again, recommended extraction. (Id.) Again, Brathwaite refused. (Id.) Dr. Robinson prescribed pain relievers and antibiotics. (Id.)

On January 17, 2001, after his appointment with Dr. Robinson, Brathwaite wrote a letter to Dental Assistant Juanita Clark ("Clark") asking if he could receive treatment with a product called "Periostat." (Id. at 7.) Brathwaite's letter indicates that he suggested this treatment "as another option other than extracting [his] front tooth." (Id.) In response to Brathwaite's letter, Clark informed the overseeing Deputy Warden that Brathwaite's requested treatment was not appropriate. (Id. at 9.) Additionally, Clark explained to the Deputy Warden that Brathwaite's dental problems would continue to return if his tooth was not extracted. (Id.) Based on the information Clark provided, the Deputy Warden denied Brathwaite's requests for "Periostat."

On March 6, 2001, Brathwaite had another appointment with Dr. Robinson. (Id. at 6.) Once again, Dr. Robinson explained to the plaintiff that he needed his number nine tooth extracted and

that a root canal procedure was not an option. (Id.) Brathwaite refused extraction. (Id.) Dr. Robinson prescribed pain medication and antibiotics for Brathwaite.

The plaintiff's next visit with Dr. Robinson was on November 21, 2002. (Id.) Dr. Robinson observed that the plaintiff had a "tiny chip" missing from the filling in his number ten tooth. (Id.) Dr. Robinson replaced the filling. (Id.)

On May 22, 2006, Brathwaite submitted a Sick Call Request for a root canal. (Id. at 13.) In his request, Brathwaite asserted that it was his seventh request for a root canal since October 9, 2004. (Id.) Altman, a Quality Assurance Monitor for CMS, received the request, searched records and could not find any similar requests. (Id. at 14.) Altman informed Brathwaite that he only found one request for a root canal, dated May 22, 2006, and that Brathwaite would be seen for his dental problems within a month. (Id.) Brathwaite received an appointment with dentist Dr. Kionke for June 8, 2006. (Id.) During the appointment, Dr. Kionke informed Brathwaite that a root canal was not available, and that his number nine tooth required extraction. (Id. at 13.) Once again, Brathwaite chose not to have his tooth extracted. (Id.)

On June 8, 2006, Brathwaite filed a grievance stating that the problems with his number nine tooth had been ongoing since October 9, 2004. (Id. at 16.) He also claimed that his dental problems were caused by prison personnel. (Id.) On September 25, 2006, Brathwaite had an appointment with Dr. Kionke to discuss his grievance. (Id. at 13.) Additionally, on November 30, 2006, Brathwaite had an appointment with CMS dentist Dr. Zimble, who noted that Brathwaite "was told he would be allowed to get root canal on tooth # 9," and that Brathwaite told him he had sustained trauma to his teeth on October 9, 2004. (Id. at 17.) Following Brathwaite's appointments with Dr. Kionke and Dr. Zimble, the Delaware Department of Corrections (the "DDOC") approved Brathwaite's request

for a root canal. (Id. at 16.)

Upon further review of Brathwaite's records, the DDOC rescinded its approval of his request. In Dr. Kionke's affidavit (D.I. 33 Ex. A) in opposition to Brathwaite's motion for injunctive relief, she explained that Dr. Zimble, the grievance committee, and she were under the impression that Brathwaite's dental problems had been caused by an incident with corrections officers when they approved his request for a root canal. (Id. at 2.) Dr. Kionke stated that, after reviewing Brathwaite's records, she provided those facts to the DCC, which then rescinded approval for the root canal procedure. (Id.)

On January 9, 2007, following the denial, Brathwaite had another appointment with Dr. Kionke. (D.I. 63 at 19.) Dr. Kionke noted that Brathwaite's number three tooth needed crown lengthening, but that he elected to wait. (Id.)

Brathwaite had another appointment with Dr. Kionke on July 23, 2007. (Id.) Dr. Kionke's notes indicate that Brathwaite's number three tooth might not be decayed, his number nineteen tooth might need restoration, and that his number eight and ten teeth had defective composite. (Id.)

Brathwaite had his most recent dental appointment with Dr. Kionke on January 21, 2009. (Id. at 21.) Dr. Kionke took new x-rays of Brathwaite and noted that he did not need any new fillings. (Id.) Dr. Kionke further noted that Brathwaite's number three tooth needed extraction, but that he "will wait." (Id.) Finally, Dr. Kionke noted that Brathwaite might have problems with his number twelve tooth, and that she repaired a fracture on his number nineteen tooth with a composite patch. (Id.)

## III. STANDARD OF REVIEW

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Biener v. Calio*, 361 F.3d 206 (3d Cir. 2004). In reviewing summary judgment decisions, the Third Circuit views all evidence and draws all inferences in the light most favorable to the non-movant, affirming if no reasonable jury could find for the non-movant. *See Whiteland Woods, L.P. v. Twp. of West Whiteland*, 193 F.3d 177, 180 (3d Cir.1999). Thus, a trial court should only grant summary judgment if it determines that no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If a moving party has demonstrated the absence of a genuine issue of material fact – meaning that no reasonable jury could find in the nonmoving party's favor based on the record as a whole – concerns regarding the credibility of witnesses cannot defeat summary judgment. Instead, the nonmoving party must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 256-57 (citation omitted). Thus, summary judgment is particularly appropriate where, notwithstanding issues of credibility, the nonmoving party has presented no evidence or inferences that would allow a reasonable mind to rule in its favor. In this situation, it may be said that the record as a whole points in one direction and the dispute is not "genuine." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## IV. DISCUSSION

Brathwaite argues that the defendants were deliberately indifferent to his dental needs, because they offered him the option of having his tooth extracted, but did not provide him with a root

canal procedure. The court disagrees.

The Eighth Amendment requires prison officials to provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order for an inmate to establish a claim, the inmate must allege (1) a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104. A prison official is deliberately indifferent if he has knowledge that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid that harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may also be deliberately indifferent by "intentionally denying or delaying access to medical care." *Gamble*, 429 U.S. at 104-05.

While prisoners are entitled to treatment, prisoners have "no right to choose a specific form of medical treatment" when the treatment provided is reasonable. *Poole v. Taylor*, 466 F. Supp. 2d 578, 579 (D. Del. 2006). Thus, "mere disagreement as to the appropriate treatment is insufficient to state a constitutional violation." *Blackstone v. Corr. Med. Services*, 499 F. Supp. 2d 601, 605 (D. Del. 2007) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).

In the present case, Brathwaite's claims against Altman and Dr. Kionke raise no genuine issues of material fact. The record demonstrates that Brathwaite received numerous dental appointments, examinations, and treatments. Altman followed through on Brathwaite's requests for appointments. Dr. Kionke repeatedly told Brathwaite that his tooth would cause him continuing pain and infections if he did not have it extracted. Nonetheless, Brathwaite elected not to have his tooth extracted and, instead, argued that he was entitled to a root canal. Clearly, Altman and Dr. Kionke provided Brathwaite with reasonable medical treatment. Because Brathwaite is not entitled to chose the specific form of treatment, he has not pointed to any genuine issue of material fact regarding any

constitutional violation by these defendants. Accordingly, the court will grant Altman's and Dr. Kionke's motion for partial summary judgment.

Additionally, Brathwaite's claim against CMS under a theory of respondent superior must fail. When a plaintiff relies on the theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that CMS is directly liable for the alleged constitutional violations, a plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [the plaintiff] allege[s]." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories.).

Other than to name CMS as a defendant, the complaint does not mention CMS; nor does Brathwaite's answering brief to the defendants' summary judgment motion. Accordingly, Brathwaite has failed to raise a genuine issue of material fact regarding any constitutional violation by CMS. As a result, the court will grant CMS' motion for partial summary judgment.

Dated: July __, 2009

CHIEF, UNITED STATES JUDGE

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 007-006 GMS |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| SCOTT S. ALTMAN, and ) | |
| CATHY KIONKE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' motion for partial summary judgment (D.I. 61) is GRANTED.

Dated: July __1__, 2009

_____
CHIEF UNITED STATES DISTRICT JUDGE