IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-006-GMS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| SCOTT S. ALTMAN, and DR. CATHY | ) |
| KIONKE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Kevin C. Brathwaite ("Brathwaite"), filed this lawsuit alleging deliberate indifference to serious dental needs pursuant to 42 U.S.C. § 1983 as well as dental malpractice pursuant to Delaware law. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pending are the plaintiff's request for counsel and motion to enforce the penalties of perjury and the defendants' motion for summary judgment and motion to strike sur-reply brief. (D.I. 81, 90, 92, 93.) For the reasons that follow, the court will grant the defendants' motion for summary judgment and will deny the remaining motions.

### II. PROCEDURAL AND FACTUAL BACKGROUND

The defendant Gail Eller was dismissed from this case following its initial screening. (D.I. 10.) On January 30, 2009, the defendants Correctional Medical Services ("CMS"), Scott S. Altman ("Altman"), and Dr. Cathy Kionke ("Dr. Kionke") (collectively "the defendants") filed a motion for summary judgment on the claims raised against them pursuant to 42 U.S.C. § 1983.[1]

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.

The court granted the motion and the only claims that remain are dental malpractice claims against CMS and Dr. Kionke. (D.I. 70.) The July 1, 2009 memorandum and order provide a detailed recitation of the facts. The defendants indicate that the facts in the current motion are identical to those in their previously filed motion for summary judgment and Brathwaite agrees with the defendants' factual statements. Inasmuch as the parties agree upon the facts, and the court thoroughly summarized them in its July 1, 2009 memorandum and order, it incorporates the facts in the prior decision by reference. (*See* D.I. 70 ¶ II Background.) The court will not reiterate the facts except as applicable to the present motion.

Brathwaite alleges that he has been waiting several years to receive dental treatment following an assault by correctional officers. Brathwaite requested a root canal and the request was forwarded to the Delaware Department of Correction ("DOC") for approval. The DOC approved the request upon the condition that the need for the root canal was caused by actions of prison personnel. Dr. Kionke reviewed Brathwaite's medical and dental records and determined the need for a root canal pre-existed Brathwaite's alleged assault by correctional officers. She provided the information to the DOC and it rescinded the approval for the root canal. Brathwaite was offered the alternative treatment of extraction, but he declined the treatment. According to Dr. Kionke, extraction is a reasonable alternative to a root canal and is within the standard of care. (D.I. 32, Kionke aff.)

On May 12, 2009, Dr. Michael Nace testified during a jury trial in a different case that Brathwaite sustained injuries on October 9, 2004 consistent with an assault that included a small hematoma on the right lower lip consistent with bite trauma and a smaller hematoma on the left

---

*West v. Atkins,* 487 U.S. 42, 48 (1988).

upper lip, as well as swelling, abrasions, and bruising to his lower lip. *Brathwaite v. Wallace*, Civ. No. 04-1542-GMS, D.I. 202, Nace testimony at 356 - 420. Dr. Nace testified as to other injuries, but gave no testimony regarding Brathwaite's dental condition other than to mention that Brathwaite complained of "teeth pain." *Id.* at 370.

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Chimie v. PPG Indus. Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005). Thus, summary judgment is appropriate only if the party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit. *Id.* at 247-48. An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.* at 249. The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Additionally, the evidence is to be viewed in the light most favorable to the nonmoving party, with all doubts resolved against entry of summary judgment. *Blackburn v. United Parcel Serv. Inc.*, 179 F.3d 81, 91 (3d Cir. 1999).

The mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249. If the nonmoving party fails to make a sufficient showing on an essential

element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. at 322.

## IV. DISCUSSION

The defendants move for summary judgment on the grounds that Brathwaite cannot sustain the burden of proving that the defendants were negligent. Brathwaite argues that medical records and the testimony of Dr. Nace show that he was assaulted by prison officials and that a root canal was authorized but never provided to him.

Under Delaware law, to prevail in a negligence action a plaintiff must show, by a preponderance of the evidence, that the defendant's negligent act or omission breached a duty of care owed to the plaintiff such that it proximately caused injury to that plaintiff. *Culver v. Bennett*, 588 A.2d 1094 (Del. 1991). The standard of care required of defendants in tort actions is that of a "reasonably prudent" person. *Robelen Piano Co. v. DiFonzo*, 169 A.2d 240, 244 (Del. 1961). The inquiry in all cases is what a reasonable person would have done under the circumstances - a determination that necessarily will depend on the particular facts of each case. *Id.* at 245. The custom or practice in a particular industry is probative of what conduct is reasonable under the circumstances. *Sears, Roebuck and Co. v. Midcap*, 893 A.2d 542, 554 (Del. 2006). "When a dentist chooses between appropriate alternative treatments, harm which results from the dentist's good faith choice of one proper alternative over the other is not malpractice." *Rezac v. Zurkow*, Civ. No. 91C-07-034, 1993 WL 389321, at *2 (Del. Super. Aug. 26, 1993); *See Corbitt v. Tatagari*, 804 A.2d 1057, 1063-64 (Del. 2002). "Malpractice occurs where the conduct of defendant in the treatment of plaintiff does not measure up to the standard of conduct of an ordinarily prudent and careful dentist under similar circumstances." *Id.*

Brathwaite has not refuted Dr. Kionke's statement that the proffered tooth extraction treatment is a reasonable alternative to a root canal and within the standard of care. The record reflects that, on several occasions, Brathwaite was offered the option of a tooth extraction, which he refused. Brathwaite refers to Dr. Nace's trial testimony in a different case to support his position. The court, however, has reviewed the testimony, and at no time did Dr. Nace testify that the October 9, 2004 incident caused, contributed, or exacerbated Brathwaite's need for a root canal. Nor did Dr. Nace opine that a tooth extraction was unreasonable and not within the standard of care. Brathwaite argues that if the tooth is extracted, the DOC will not provide dentures, but offers no evidence to support this statement. The court takes judicial notice that, upon approval, dentures are provided to inmates within the DOC. *See Hall v. Contracted Health Services*, Civ. No. 08-747-GMS, 2009 WL 331010, at *1 (D. Del. Feb. 10, 2009); *Maclary v. Holwerda*, 595 F. Supp. 2d 348 (D. Del. 2009); *Blackston v. Correctional Med. Services, Inc.*, 499 F. Supp. 2d 601 (D. Del. 2007). It is undisputed that the defendants offered Brathwaite reasonable alternative dental care and, therefore, as a matter of law, the choice of the proper alternative treatment is not malpractice.

Finally, in an action for malpractice, the Delaware Supreme Court has held that the alleged negligence of an employee, who is a health care provider, must be the focus of any inquiry into the vicarious liability of the employer of that health care provider under the doctrine of *respondeat superior*. *Reyes v. Kent Gen. Hosp., Inc.*, 487 A.2d 1142, 1144 (Del. 1984). If an employee is not liable to the plaintiff for medical negligence, neither is the employer. *Id.* Since Dr. Kionke is not liable to Brathwaite on the merits, there is no vicarious liability imputed to CMS.

Brathwaite has failed to adduce any evidence showing dental negligence. For the above reasons, the court will grant the defendants' motion for summary judgment.

## V. CONCLUSION

For the above stated reasons the court will grant the defendants' motion for summary judgment and will deny the remaining motions.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

___June 14___, 2010
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-006-GMS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| SCOTT S. ALTMAN, and DR. CATHY | ) |
| KIONKE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 14th day of June, 2010, for the reasons set forth in the Memorandum issued this date;

1. The defendants' motion for summary judgment is **granted**. (D. I. 81.)

2. The plaintiff's request for counsel is **denied** as moot. (D.I. 90.)

3. The plaintiff's motion to enforce the penalties of perjury is **denied**. (D.I. 92.)

4. The defendants' motion to strike is **denied**. (D.I. 93.)

5. The clerk of court is directed to **enter judgment** in favor of the defendants and against the plaintiff and to **close** the case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE